```
                 UNITED STATES DISTRICT COURT
                   DISTRICT OF CONNECTICUT

JOHN F. ALLISON,                :
                                :
     Plaintiff,                 :
                                :
     v.                         :     CASE NO. 3:10CV1741(RNC)
                                :
INTERNAL REVENUE SERVICE,       :
                                :
     Defendants.                :
```

RECOMMENDED RULING ON MOTION TO DISMISS

The plaintiff, John F. Allison, brings this case pro se seeking a refund of $4122 in excise taxes assessed by the Internal Revenue Service[1] (IRS) and a "waiver of additional interest and/or fees."  (Compl., doc. #1.)  Pending before the court is the defendant's Motion to Dismiss, doc. #13.  District Judge Robert N. Chatigny referred the motion to the undersigned for a recommended ruling.  (Doc. #17.)  For the reasons set forth below, the motion should be granted.

A.  Background

For the purpose of resolving a motion to dismiss under Rule 12(b)(6), the court accepts as true the allegations in the plaintiff's complaint.  Bell Atl. Corp. v. Twombly, 550 U.S.

___

[1] The IRS is immune from civil actions seeking tax refunds; see Murphy v. IRS, 493 F.3d 170, 173 (D.C. Circuit) (waiver of immunity from tax refund actions under 28 U.S.C. § 1346(a)(1) applies to United States but not IRS); but the United States has consented to be substituted as defendant.

544, 572 (2007).  The complaint alleges as follows.  In September 2008, the plaintiff realized that in prior years he erroneously had made contributions to a Roth IRA rather than to a traditional IRA.  As a result, in several tax years his Roth IRA contributions exceeded the annual limit for a taxpayer at his income level.  He "voluntarily reported" this error by telephoning the IRS and submitting Form 5329 as instructed.[2]  An IRS representative advised the plaintiff that potential penalties were likely to be abated because he had paid tax on the contributions and had attempted no deductions or credits.  As of December 2008, the IRS had taken no action.  Fearing additional liability in the upcoming year, the plaintiff paid the entire potential penalty of $4122.  When the IRS eventually examined his file, it concluded that he had made "excess contributions" rather than "legal contributions to the wrong type of IRA" and assessed penalties and interest in addition to those he had already paid.  The plaintiff had many fruitless conversations with the IRS and a taxpayer advocate.  On February 17, 2010, the plaintiff received a letter from the IRS denying his claim for a refund and informing him of his right to sue.

---

[2] Form 5329 is titled "Additional Taxes on Qualified Plans (Including IRAs) and Other Tax-Favored Accounts" and concerns certain distributions, excess contributions and excess accumulation in such accounts.

B.  Legal Standard

A claim may be dismissed under Rule 12(b)(6) if the plaintiff's factual allegations are not sufficient "to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

Where a plaintiff is proceeding pro se, his submissions "must be read liberally and interpreted to raise the strongest arguments that they suggest."  Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996).  If a liberal reading of the complaint gives any indication that a valid claim might be stated, the court must grant the plaintiff leave to amend the complaint rather than dismissing it.  Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

C.  Discussion

The defendant contends that the plaintiff fails to state a claim upon which relief can be granted because inadvertent error is not a valid basis for abating the excise tax.  The case

should be dismissed for substantially the same reasons set forth in the government's memorandum.  (See doc. #13, Ex. 1.)

The plaintiff admits that he made contributions to his Roth IRA that exceeded the annual limit based on his income level.  Under 26 U.S.C. § 4973, contributions to either traditional IRAs or Roth IRAs that exceed a taxpayer's annual limit are subject to a 6 percent excise tax.  Although Congress considered making an exception for good faith error when drafting § 4973, the statute as enacted does not distinguish between excess contributions made willfully or inadvertently.  Johnson v. Comm'r, 661 F.2d 53, 55 (5th Cir. 1981); Orzechowski v. Comm'r, 69 T.C. 750, 755-57 (1978), aff'd on reh'g, 592 F.2d 677 (2d Cir. 1979).  See, e.g., Moore v. Comm'r, 46 T.C.M. (CCH) 229 (1983) (sustaining imposition of excise tax on excess IRA contribution despite recognizing that taxpayer acted in good faith); Boykin v. Comm'r, 42 T.C.M. (CCH) 803 (1981) (fact that the excess contribution may have been inadvertent does not allow court to disapprove imposition of excise tax).

The court understands the plaintiff's view that imposition of the 6 percent excise tax is a harsh result, especially given that the excess contributions already were subject to income tax and he did not attempt to deduct the amounts.  Nevertheless, "section 4973 is a statutory penalty and [the court has] no power to refuse to enforce it."  Boyle v. Comm'r, 40 T.C.M.

4

(CCH) 179 (1980).  As for the plaintiff's request for equitable relief from the excise tax because he "voluntarily reported" his error in good faith, the court is powerless to grant such relief.  See Orzechowski, 69 T.C. at 757 ("Even if we were convinced that a different scheme of sanctions would be fairer or more appropriate, it is not for us to substitute our judgment for that of the Congress.")  Taking the allegations as true and viewing them in the light most favorable to the plaintiff, he is not entitled to relief on his claim.

    D.  Conclusion

    For all the foregoing reasons, the court recommends that the defendant's Motion to Dismiss, doc. #13, be granted. Because the plaintiff brings this case pro se, he should be granted an opportunity to amend his complaint by a date to be set by the district judge.

    Any party may seek the district court's review of this recommendation.  See 28 U.S.C. § 636(b) (written objections to proposed findings and recommendations must be filed within fourteen days after service of same); Fed. R. Civ. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Thomas v. Arn, 474 U.S. 140, 155 (1985); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992).  Failure to timely object to a magistrate judge's report will preclude appellate

review.  Small v. Sec'y of Health and Human Serv., 892 F.2d 15, 16 (2d Cir. 1989).

    SO ORDERED at Hartford, Connecticut this 1st day of March, 2012.

```
                          _____/s/_____
                          Donna F. Martinez
                          United States Magistrate Judge
```